OPINION OF THE COURT
Herbert Shapiro, J.
In this negligence action, the defendant New York City Transit Authority (NYCTA) moves for a protective order with respect to items 10, 18 and 23 (a) of the plaintiff’s demand for discovery.
The portion of the motion addressed to item 23 (a) raises an interesting question. This item requests the reports of all *1028 medical examinations, laboratory tests and urine analysis of the motorman of the train allegedly involved in the incident.
NYCTA, the motorman’s employer, opposes the production of the medical and laboratory reports based upon the contention that such information is privileged and the privilege has not been waived. In so concluding, NYCTA relies upon Koump v Smith (25 NY2d 287), Dillenbeck v Hess (73 NY2d 278), and several lower court cases purporting to follow the holdings in Koump and Dillenbeck.
In the opinion of this court, neither Koump (supra) nor Dillenbeck (supra) requires that the plaintiff be denied the information he seeks concerning the laboratory tests performed on the motorman. It must be noted that both in Koump and Dillenbeck the laboratory and medical tests were performed in a hospital as part of the process of diagnosis and treatment by hospital medical personnel of persons injured in the incidents. In this case, the tests performed were not for the purposes of diagnosis and treatment by medical personnel —the motorman was not injured — but were performed pursuant to an agreement between NYCTA and its employees. In this connection, the court is also aware of the holding in Tillman v Metropolitan Suburban Bus Auth. (NYLJ, Aug. 1, 1990, at 21, col 4). In that case, under parallel facts, the court, apparently under constraint of its view of the Koump and Dillenbeck decisions, held that the requested medical reports of the bus driver were unavailable to the plaintiff. This court respectfully differs with the Tillman decision.
It is clear, and all the cases so state, that the physician-patient privilege was created because of " 'the belief that fear of embarrassment or disgrace flowing from disclosure of communications made to a physician would deter people from seeking medical help and securing adequate diagnosis and treatment’ ” (Dillenbeck v Hess, supra, at 285).
It is also clear that, while upholding the physician-patient privilege, many commentators have criticized it as an unnecessary impediment to the search for truth and justice. (See, for example, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4504.02; Fisch, New York Evidence § 557 [2d ed].) Additionally, many courts have indicated a similar conclusion. (Williams v Roosevelt Hosp., 66 NY2d 391, 395-396; Koump v Smith, supra, at 293; see also, Dillenbeck v Hess [Bellacosa, J., dissenting], supra.)
Since there is essentially unanimity in the view that the *1029 application of the physician-patient privilege is often used as a sword rather than a shield and impairs the ability of the court to administer justice, it is this court’s view that the privilege ought not be expanded to factual circumstances such as are here presented.
To repeat, the underlying rationale for the privilege was to encourage patients to disclose information to their physician freely, without fear of disclosure, so that a proper diagnosis could be made and a course of treatment instituted. Coupled with that basic objective, we have the almost universal view that the application of the privilege ofttimes impedes the road to justice.
In the light of the above analysis, we now look to the facts of this case. The question to be answered is whether there exists the requisite physician-patient privilege. The inescapable answer is that such a relationship does not exist. The motorman in question was not injured nor did he seek any medical diagnosis of treatment. He simply submitted to the test as an incident of his employment with the defendant. In such a factual posture, to endeavor to create a physician-patient privilege as did the court in Tillman (supra) is to expand the area of privilege inappropriately when all — even the court in Tillman — found that the imposition of the privilege interfered with the search for the truth.
In conclusion, the court finds that no physician-patient relationship was created between the motorman and whoever was involved in the laboratory testing process and as a result the test results are discoverable and the motion for a protective order as to those materials is denied.
As to item 10, defendant NYCTA is directed to provide plaintiff with any prior written notice, reports, and work orders relating to the edge of the station platform located 5 Vi feet south of marker 180+ 00 on the northbound platform for the No. 5 train at the 149th Street and Grand Concourse subway station running a distance of 13 Vi feet and as more clearly delineated in the photograph annexed to plaintiff’s affirmation in opposition for the two-year period prior to the date of plaintiff’s accident.
As to item 18, defendant NYCTA is directed to provide plaintiff with a copy of all accident reports and follow-up informational reports prepared concerning plaintiff’s accident *1030 which reports were prepared by NYCTA in the regular course of business.
All of the above items are to be provided within 30 days after service of a copy of this order with notice of entry upon the defendant.