■ CHRISTOPHER DREXLER et al., Appellants, v HIGHLIFT, INC., Defendant and Third-Party Plaintiff-Respondent. NEW YORK CITY TRANSIT AUTHORITY et al., Third-Party Defendants. [725 NYS2d 378] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated March 31, 2000, which granted that branch of the motion of the defendant third-party plaintiff, Highlift, Inc., which was to compel the third-party defendant New York City Transit Authority to produce certain documents.

Ordered that the order is affirmed, with costs.

The plaintiff Christopher Drexler was injured when he was hit by a forklift. Both the injured plaintiff and the forklift operator were employed by the third-party defendant New York City Transit Authority (hereinafter the TA) and were at work on a TA construction site when the accident occurred. The injured plaintiff and his wife commenced this action against Highlift, Inc. (hereinafter Highlift), the equipment vendor which had sold the forklift, alleging strict products liability. Highlift commenced a third-party action against both the TA and the forklift manufacturer, Lull Industries, Inc. (hereinafter Lull). During discovery, the TA produced an accident report which stated that the forklift operator had tested positive for drugs immediately after the accident.

A witness for the TA testified at a deposition that it was the TA's routine practice, following an accident, to administer a drug test to any TA employee involved in the accident. Pursuant to timely notices for discovery and inspection issued by Highlift and Lull, the TA produced a number of documents, but withheld its investigative file of the accident, including the results of the drug test performed on the forklift operator. Immediately following this first document production, Highlift and Lull served a second discovery notice, demanding production of the drug test results and other documents relating to

the forklift operator and the TA's post-accident investigation. Only after this second request, and after the plaintiffs had prematurely filed a note of issue, did the TA acknowledge that it was withholding the documents. It produced a response to the notices asserting that it would not produce or identify the requested documents on the grounds that the documents were privileged physician-patient communications, and that the TA's post-accident investigation, including routine administration of the drug test, constituted a "subsequent remedial measure."

The drug test results are clearly not protected by the physician-patient privilege. No physician-patient relationship was created when the forklift operator was made to provide a urine sample for the TA's investigation as there was no medical, diagnostic, or treatment purpose for the testing (*see, People v Austin,* 199 NY 446, 452; *People v Sliney,* 137 NY 570; *Rodriguez v New York City Tr. Auth.,* 151 Misc 2d 1027; *cf., People v Decina,* 2 NY2d 133).

The plaintiffs' remaining contentions are without merit. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.